FILED
April 16, 2025
CLERK, U.S. DISTRICT COURT
WESTERN DISTRICT OF TEXAS
By: _____RR_____
Deputy

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA § § § Plaintiff, § § v. § § HECTOR JULIO MARTINEZ § § Defendant. § § § § § | Case No: SA:25-CR-00207-JKP **I N D I C T M E N T** **COUNT 1:** 18 U.S.C. §933(a)(1) Firearm Trafficking **COUNT 2:** 18 U.S.C. §922(o) Possession of a Machine Gun **COUNT 3:** 26 U.S.C. §5861(d) Possession of Unregistered Firearm **COUNT 4:** 18 U.S.C. § 922(a)(1)(A) Dealing in Firearms Without a License |

**THE GRAND JURY CHARGES:**

<u>COUNT ONE</u>
**(18 U.S.C. § 933(a)(1))**

On or about March 4, 2025, in the Western District of Texas, Defendant,

**HECTOR JULIO MARTINEZ**

did ship, transport, transfer, cause to be transported, or otherwise dispose of at least one firearm, to wit: a Glock GMBH, model 19X, 9mm caliber pistol, serial number CAHU931, which was equipped with a machinegun conversion device that made the pistol capable of firing automatically more than one shot, without manual reloading, by a single function of the trigger, to another person in or otherwise affecting commerce, knowing or having reasonable cause to believe that the use, carrying, or possession of the firearm by the recipient would constitute a felony, to wit, Possession of a Machine Gun, all in violation of Title 18, United States Code, Section 933(a)(1).

## COUNT TWO
## (18 U.S.C. §922(o))

On or about March 4, 2025, in the Western District of Texas, the Defendant,

**HECTOR JULIO MARTINEZ**

did knowingly possess at least one machinegun, to wit: a Glock GMBH, model 19X, 9mm caliber pistol, serial number CAHU931, which was equipped with a machinegun conversion device that made the pistol capable of firing automatically more than one shot, without manual reloading, by a single function of the trigger, in violation of Title 18, United States Code, Section 922(o).

## COUNT THREE
## (26 U.S.C. §5861(d))

On or about March 4, 2025, in the Western District of Texas, the Defendant,

**HECTOR JULIO MARTINEZ**

knowingly possessed a firearm, a Glock GMBH, model 19X, 9mm caliber pistol, serial number CAHU931, which was equipped with a machinegun conversion device, not registered to him in the National Firearms Registration and Transfer Record, in violation of Title 26, United States Code, Sections 5841, 5861(d), and 5871.

## COUNT FOUR
## (18 U.S.C. § 922(a)(1)(A))

From on or about February 2025 to March 27, 2025, in the Western District of Texas, Defendant,

**HECTOR JULIO MARTINEZ**

not being a licensed dealer of firearms within the meaning of Chapter 44, Title 18, United States Code, did willfully engage in the business of dealing in firearms, in violation of Title 18, United States Code, Section 922(a)(1)(A).

2

<u>**NOTICE OF UNITED STATES OF AMERICA'S DEMAND FOR FORFEITURE**</u>
[*See* Fed. R. Crim. P. 32.2]
I.
<u>Firearm Violation and Forfeiture Statutes</u>
[Title 18 U.S.C. §§ 922(a)(1)(A)/(o), and 933(a)(1) subject to forfeiture
pursuant to Title 18 U.S.C. § 924(d)(1), made applicable to criminal forfeiture
by Title 28 U.S.C. § 2461(c)]

As a result of the criminal violations set forth in Counts One, Two, and Four, the United States of America gives notice to the Defendant of its intent to seek the forfeiture of the property described below upon conviction and pursuant to Fed. R. Crim. P. 32.2 and Title 18 U.S.C. § 924(d)(1), made applicable to criminal forfeiture by Title 28 U.S.C. § 2461(c), which states:

> **Title 18 U.S.C. § 924. Penalties**
> **(d)(l)** Any firearm or ammunition involved in or used in any knowing violation of subsection . . . (o) . . . of section 922 . . . or 933 . . . shall be subject to seizure and forfeiture . . . under the provisions of this chapter. . . .

II.
<u>Unregistered Possession Violation and Forfeiture Statutes</u>
[Title 26 U.S.C. § 5861(d), subject for forfeiture pursuant to Title 26 U.S.C. § 5872(d),
made applicable to criminal forfeiture by Title 28 U.S.C. § 2461(c)]

As a result of the criminal violation set forth in Count Three, the United States of America gives notice to the Defendant of its intent to seek the forfeiture of the property described below upon conviction and pursuant to Fed. R. Crim. P. 32.2 and Title 18 U.S.C. § 924(d)(1), made applicable to criminal forfeiture by Title 28 U.S.C. § 2461(c), which states the following:

> **Title 26 U.S.C. § 5872. Forfeitures**
> **(a) Laws applicable.**—Any firearm involved in any violation of the provisions of this chapter shall be subject to seizure and forfeiture . . . .

III.
<u>Personal Property</u>
This Notice of Demand for Forfeiture includes but is not limited to the following property:

1. Ruger; Model: EC9S; Caliber: 9; Type: Pistol; S/N: 462-81590;
2. Unknown Manufacturer; Model: P80; Caliber: 9; Type: Pistol; S/N: None;
3. Palmetto State Armory; Model: Dagger Compact; Caliber: Multi; Type: PISTOL; S/N: JJE48838;
4. Trailblazer Firearms, LLC; Model: Lifecard; Caliber: 22; Type: Pistol; S/N: 20788;

5. Smith & Wesson; Model: M&P 40 M2.0 Compact; Caliber: 40; Type: Pistol; S/N: mpn5439;
6. Sig Sauer (Sig-Arms); Model: P238; Caliber: 380; Type: Pistol; S/N: 27B389480;
7. Any and all firearms, ammunition, machinegun conversion devices, and/or accessories involved in or used in the commission of the criminal offenses.

## IV.
## Money Judgment

**Money Judgment:** A sum of money that represents the amount of proceeds obtained, directly or indirectly, property involved in such offense, or traceable to such property as a result of the violations set forth in Count One for which the Defendant is liable.

## V.
## Substitute Assets

If any of the property described above as being subject to forfeiture for the violation set forth above, as a result of any act or omission of the Defendant:

a.  cannot be located upon the exercise of due diligence;
b.  has been transferred or sold to, or deposited with, a third party;
c.  has been placed beyond the jurisdiction of the court;
d.  has been substantially diminished in value; or
e.  has been commingled with other property which cannot be divided without difficulty;

it is the intent of the United States of America to seek forfeiture of any other property, up to the value of the money judgment, as substitute assets pursuant to Title 21 U.S.C. 853(p) and Fed. R. Crim. P. 32.2(e)(1).

A TRUE BILL.

FOREPERSON OF THE GRAND JURY

MARGARET F. LEACHMAN
ACTING UNITED STATES ATTORNEY

BY: _____
For Sarah Wannarka
Assistant U.S. Attorney

4